CRESTVIEW OF OHIO, INC., APPELLANT, *v.* BOARD OF TAX APPEALS ET AL., APPELLEES.

(No. 69-752—Decided February 17, 1971.)

*Messrs. Watkins, Watkins & Knight* and *Mr. Harley A. Watkins,* for appellant.

*Mr. Paul W. Brown,* attorney general, *Mr. R. A. Malrick, Mr. Harry Friberg,* prosecuting attorney, and *Mr. John F. Hayward,* for appellees.

*Per Curiam.* Crestview, Inc., a nonprofit corporation, on April 16, 1968, filed an application for exemption from real property taxes for 1968 and an application for remission of real property taxes for 1965 through 1967. On July 25, 1969, the Board of Tax Appeals returned the applications to the appellant, noting that the board's power to remit taxes was limited to only one year under the provisions of R. C. 5713.081. The board suggested that the appellant comply with the statutory requirements of this

section and resubmit its application. Subsequently, on October 1, 1969, the appellant returned the applications to the board requesting a final order from which it could appeal. On October 22, 1969, the Board of Tax Appeals dismissed the applications for lack of jurisdiction. From that decision, appellant appealed directly to this court.

The sole issue raised is whether the Board of Tax Appeals had jurisdiction to consider these applications. It did not.

R. C. 5713.081 (132 Ohio Laws 1928, 2324), which became effective in 1967, states:

"On and after January 1, 1969, no application for real property tax exemption and tax remission shall be filed with, *or considered by*, the Board of Tax Appeals wherein, tax remission is requested for more than one tax year, and the Board of Tax Appeals shall have no authority to remit more than one year's delinquent taxes, penalties, and interest." (Emphasis added.)

Although these applications were filed by the appellant on April 16, 1968, the Board of Tax Appeals rendered its final order on October 22, 1969. Under the above-quoted section, on and after January 1, 1969, the board no longer had jurisdiction to consider applications, such as those of the appellant, which requested remission for more than one year.

The appellant asserts that this section is not applicable to its applications because they were filed prior to January 1, 1969. To so construe this section would ignore the plain wording of the statute.

As the appellant has failed to comply with the statutory requirements of R. C. 5713.081, the Board of Tax Appeals' final order, dismissing the appellant's applications for lack of jurisdiction, is affirmed.

*Decision affirmed.*

O'NEILL, C. J., SCHNEIDER, DUNCAN, CORRIGAN and STERN, JJ., concur.

HERBERT and LEACH, JJ., concur in the judgment only.